UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THOMAS POWERS,
    Plaintiff,

v.          02-1372

DONALD SNYDER, et al.,
    Defendants.

ORDER

    Before the court are the plaintiff's "Motion to Reconsider to Chief Judge Based on Prejudice of Presiding District Judge [238] and the defendants' response thereto [239]. On March 30, 2009, this court entered judgment in favor of all the defendants in this case. On April 9, 2009, the plaintiff wrote a letter to Chief District Judge McCuskey asking him to intervene in the case. The Clerk of Court construed the letter as a motion to reconsider and docketed it as such.

    The plaintiff is certainly aware that the appropriate action for the plaintiff to take was to file a Notice of Appeal of a final judgment. This plaintiff, having already gone through the appeal process in the instant case, is aware that he must filed a timely Notice of Appeal. In fact, this court reminded plaintiff of that fact in the orders that terminated his case. Specifically the court advised the plaintiff that "[i]f the plaintiff wishes to appeal the dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). Rather than file a Notice of Appeal, on April 9, 2009, the plaintiff filed this letter/motion asking the Chief Judge to intervene in this case. Then, before the court could dispose of his pending letter/motion, on April 19, 2009, the plaintiff filed a notice of appeal of the final judgment in the case. Consequently, the letter/motion is denied for lack of jurisdiction, but the court makes the following observations.

    In his letter/motion, the plaintiff alleges that there are material issues of fact and that this court erred in granting summary judgment on behalf of defendants. The plaintiff further argues that this court should have appointed counsel to represent him. Finally, the plaintiff argues that this court was prejudiced against him. None of these arguments has merit.

    First, the plaintiff has cited no facts in support of his claim that material issues of fact precluded the entry of summary judgment. Instead of facts, the plaintiff relies upon conclusions. Further, the court's order granting summary judgment to the defendants shows that these considerations were made and rejected by the court based upon sound reasoning. The plaintiff's suggestion that this court's denial of plaintiff's request for appointment of counsel failed to take into account the Seventh Circuit's ruling in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) is inaccurate. On February 25, 2008, the court specifically considered the plaintiff's request for appointment of counsel in light of the Seventh Circuit's decision in *Pruitt.* See Docket Entry 211. See also the court's August 14, 2008 order denying motion for appointment of

counsel.  In addition, the defendants have noted that the plaintiff owned his own business prior to his incarceration and he has initiated at least two other lawsuits in addition to bringing an appeal *pro se*.  See transcript of Plaintiff's deposition, 51-65, a copy of which is attached to Defendants' Motion for Summary Judgment.  See Docket Entry 215 at attachments #4 and #5.  Although the plaintiff alleges that this court was prejudiced against him, he has provided no evidence in support of that claim.  Instead, the plaintiff has cited rulings by this court that were adverse to him.  Reasoned adverse rulings are not evidence of prejudice.  Contrary to plaintiff's suggestion, the court has not always ruled against the plaintiff. See, for example, the order of April 3, 2008, granting Plaintiff's Motion for Extension of Time to file a response to the Defendants' Motion for Summary Judgment.  Finally, since the plaintiff has filed a Notice of Appeal on May 19, 2009, as stated at the beginning of these observations, this court no longer has jurisdiction over the matter.

It is therefore ordered:

1. Based on the foregoing, the plaintiff's Motion for the Chief Judge to Intervene in this Lawsuit based on Prejudice of Presiding District Judge [238] is denied for lack of jurisdiction.
2. The plaintiff's Motion to Expedite a ruling on the Motion for the Chief Judge to Intervene in this lawsuit [245] is rendered moot.

Enter this 12th   day of June 2009.


**s\Harold A. Baker**

_____
Harold A. Baker
United States District Judge